RACKETEERING ACT THIRTY-SIX
(Theft of Union Benefits/Mail Fraud)

155.    The defendant ANTHONY LICATA committed the
following acts, either one of which alone constitutes
Racketeering Act Thirty-Six:

A.    Theft of Union Benefits

156.    In or about and between January 2006 and
December 2006, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendant
ANTHONY LICATA, together with others, did embezzle, steal and
unlawfully and willfully abstract and convert to his own use,
moneys, funds, securities, premiums, credits, property and other
assets of the International Brotherhood of Teamsters Local 282
Health and Welfare Benefit Fund, an employee welfare benefit plan
subject to Title I of ERISA, and the International Brotherhood of
Teamsters Local 282 Pension Fund, an employee pension benefit
plan subject to Title I of ERISA, and of funds connected with
such employee benefit plans, in violation of Title 18, United
States Code, Sections 664 and 2.

B.    Mail Fraud

157.    In or about and between January 2006 and
January 2008, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendant
ANTHONY LICATA, together with others, did knowingly and
intentionally devise a scheme and artifice to defraud the Local

64

282 Funds and employees covered by labor contracts with Local 282 who were participants in the Local 282 Funds and to obtain money and property, to which the Local 282 Funds and participants were entitled, by means of false and fraudulent pretenses, representations and promises, to wit: contributions to the Local 282 Funds and the contractual right to have such contributions made on behalf of such employees.

158.    It was part of the scheme and artifice that the defendant ANTHONY LICATA, together with others, would and did submit and cause to be submitted false information to the Local 282 Funds regarding hours worked by employees covered by labor contracts with Local 282, claiming that certain hours had been worked by such employees who had, in fact, worked more hours, thereby under reporting and under paying contributions to the Local 282 Funds which were owed to the funds and required to be made on behalf of the employees.

159.    For the purpose of executing the scheme and artifice, the defendant ANTHONY LICATA and others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: remittance reports and checks payable to the Local 282 Funds, in violation of Title 18, United States Code, Sections 1341 and 2.

65

RACKETEERING ACT THIRTY-SEVEN
(Theft of Union Benefits/Mail Fraud)

160.    The defendant JOSEPH SPINNATO committed the following acts, either one of which alone constitutes Racketeering Act Thirty-Seven:

A.    Theft of Union Benefits

161.    In or about and between January 2006 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH SPINNATO, together with others, did embezzle, steal and unlawfully and willfully abstract and convert to his own use, moneys, funds, securities, premiums, credits, property and other assets of the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund, an employee welfare benefit plan subject to Title I of ERISA, and the International Brotherhood of Teamsters Local 282 Pension Fund, an employee pension benefit plan subject to Title I of ERISA, and of funds connected with such employee benefit plans, in violation of Title 18, United States Code, Sections 664 and 2.

B.    Mail Fraud

162.    In or about and between January 2006 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH SPINNATO, together with others, did knowingly and

66

intentionally devise a scheme and artifice to defraud the Local
282 Funds and employees covered by labor contracts with Local 282
who were participants in the Local 282 Funds and to obtain money
and property, to which the Local 282 Funds and participants were
entitled, by means of false and fraudulent pretenses,
representations and promises, to wit: contributions to the Local
282 Funds and the contractual right to have such contributions
made on behalf of such employees.

163.    It was part of the scheme and artifice that
the defendant JOSEPH SPINNATO, together with others, would and
did submit and cause to be submitted false information to the
Local 282 Funds regarding hours worked by employees covered by
labor contracts with Local 282, claiming that certain hours had
been worked by such employees who had, in fact, worked more
hours, thereby under reporting and under paying contributions to
the Local 282 Funds which were owed to the funds and required to
be made on behalf of the employees.

164.    For the purpose of executing the scheme and
artifice, the defendant JOSEPH SPINNATO and others did place and
cause to be placed in authorized depositories for mail matter to
be delivered by the United States Postal Service items of mail
matter, to wit: remittance reports and checks payable to the
Local 282 Funds, in violation of Title 18, United States Code,
Sections 1341 and 2.

RACKETEERING ACT THIRTY-EIGHT
(Extortion Conspiracy/Extortion - NASCAR Construction Site)

165.    The defendants MARIO CASSARINO, DOMENICO

CEFALU, NICHOLAS COROZZO, LEONARD DIMARIA, VINCENT DRAGONETTI and

ERNEST GRILLO committed the following acts, any one of which

alone constitutes Racketeering Act Thirty-Eight:

A.    Extortion Conspiracy

166.    In or about and between January 2006 and

January 2008, both dates being approximate and inclusive, within

the Eastern District of New York and elsewhere, the defendants

MARIO CASSARINO, DOMENICO CEFALU, NICHOLAS COROZZO, LEONARD

DIMARIA, VINCENT DRAGONETTI and ERNEST GRILLO, together with

others, did knowingly and intentionally conspire to obstruct,

delay and affect commerce, and the movement of articles and

commodities in commerce, by extortion, in that the defendants and

others agreed to obtain property, to wit: cash payments relating

to John Doe #4's work at a Staten Island NASCAR construction

site, from John Doe #4, with the consent of John Doe #4, which

consent was to be induced through wrongful use of actual and

threatened force, violence and fear, in violation of Title 18,

United States Code, Sections 1951(a) and 2.

B.    Extortion

167.    In or about and between January 2006 and

January 2008, both dates being approximate and inclusive, within

the Eastern District of New York and elsewhere, the defendants

68

MARIO CASSARINO, DOMENICO CEFALU, NICHOLAS COROZZO, LEONARD

DIMARIA, VINCENT DRAGONETTI and ERNEST GRILLO, together with

others, did knowingly and intentionally obstruct, delay and

affect commerce, and the movement of articles and commodities in

commerce, by extortion, in that the defendants and others

obtained property, to wit: cash payments relating to John Doe

#4's work at a Staten Island NASCAR construction site, from John

Doe #4, with the consent of John Doe #4, which consent was

induced through wrongful use of actual force, violence and fear,

in violation of Title 18, United States Code, Sections 1951(a)

and 2.

       C.    <u>New York Penal Law Extortion</u>

       168.    In or about and between January 2006 and

January 2008, both dates being approximate and inclusive, within

the Eastern District of New York and elsewhere, the defendants

MARIO CASSARINO, DOMENICO CEFALU, NICHOLAS COROZZO, LEONARD

DIMARIA, VINCENT DRAGONETTI and ERNEST GRILLO, together with

others, did knowingly and intentionally steal property, to wit:

cash payments relating to John Doe #4's work at a Staten Island

NASCAR construction site, from John Doe #4, by extortion, to wit:

by compelling and inducing John Doe #4 to deliver such property

to one or more of the defendants by instilling in him a fear

that, if the property was not delivered, the defendants and

others would (1) cause physical injury to John Doe #4 in the

69

future, (2) cause damage to John Doe #4's property, and (3) perform an act which would not in itself materially benefit the defendants, but which was calculated to harm John Doe #4 materially with respect to his health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law Sections 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix) and 20.00.

RACKETEERING ACT THIRTY-NINE
(Extortion Conspiracy/Extortion - Excavation Company)

169.    The defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI committed the following acts, any one of which alone constitutes Racketeering Act Thirty-Nine:

A.    Extortion Conspiracy

170.    In or about and between January 2006 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: check payments relating to John Doe #4's excavation company, from John Doe #4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and

70

fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

B.    Extortion

171.    In or about and between January 2006 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: check payments relating to John Doe #4's excavation company, from John Doe #4, with the consent of John Doe #4, which consent was induced through wrongful use of actual force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

C.    New York Penal Law Extortion

172.    In or about and between January 2006 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally steal property, to wit: check payments relating to John Doe #4's excavation company, from John Doe #4, by extortion, to wit: by compelling and inducing John Doe #4 to deliver such property to

one or more of the defendants by instilling in him a fear that,

if the property was not delivered, the defendants and others

would (1) cause physical injury to John Doe #4 in the future, (2)

cause damage to John Doe #4's property, and (3) perform an act

which would not in itself materially benefit the defendants, but

which was calculated to harm John Doe #4 materially with respect

to his health, safety, business, calling, career, financial

condition, reputation and personal relationships, in violation of

New York Penal Law Sections 155.30(6), 155.05(2)(e)(i),

155.05(2)(e)(ii), 155.05(2)(e)(ix) and 20.00.

<u>RACKETEERING ACT FORTY</u>
(Extortion Conspiracy/Extortionate Extension of Credit
Conspiracy/Extortionate Extension of Credit – Cracolici Dispute)

173.    The defendants GINO CRACOLICI, ANTHONY LICATA

and WILLIAM SCOTTO committed the following acts, any one of which

alone constitutes Racketeering Act Forty:

A.    <u>Extortion Conspiracy</u>

174.    On or about and between January 1, 2006 and

March 17, 2006, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendants GINO CRACOLICI, ANTHONY LICATA and WILLIAM SCOTTO,

together with others, did knowingly and intentionally conspire to

obstruct, delay and affect commerce, and the movement of articles

and commodities in commerce, by extortion, in that the defendants

and others agreed to obtain property, to wit: money from John Doe

72

#4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

B.    Extortionate Extension of Credit Conspiracy

175.    On or about and between January 1, 2006 and March 17, 2006, within the Eastern District of New York and elsewhere, the defendants GINO CRACOLICI, ANTHONY LICATA and WILLIAM SCOTTO, together with others, knowingly and intentionally conspired to make an extortionate extension of credit to John Doe #4, in violation of Title 18, United States Code, Section 892(a).

C.    Extortionate Extension of Credit

176.    On or about and between January 1, 2006 and March 17, 2006, within the Eastern District of New York and elsewhere, the defendants GINO CRACOLICI, ANTHONY LICATA and WILLIAM SCOTTO, together with others, knowingly and intentionally made an extortionate extension of credit to John Doe #4, in violation of Title 18, United States Code, Sections 892(a) and 2.

RACKETEERING ACT FORTY-ONE
(Extortionate Collection of Credit Conspiracy/
Extortionate Collection of Credit - John Doe #7)

177.    The defendants JAMES OUTERIE and RICHARD RANIERI committed the following acts, either one of which alone constitutes Racketeering Act Forty-One:

73

A.    Extortionate Collection of Credit Conspiracy

178.    In or about and between March 2006 and June 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES OUTERIE and RICHARD RANIERI, together with others, knowingly and intentionally conspired to use extortionate means to collect an extension of credit from John Doe #7, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 894(a)(1).

B.    Extortionate Collection of Credit

179.    In or about and between March 2006 and June 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES OUTERIE and RICHARD RANIERI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #7, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

RACKETEERING ACT FORTY-TWO
(Extortionate Collection of Credit Conspiracy/
Extortionate Collection of Credit - John Doe #8)

180.    The defendants JAMES OUTERIE and RICHARD RANIERI committed the following acts, either one of which alone constitutes Racketeering Act Forty-Two:

74

A.  <u>Extortionate Collection of Credit Conspiracy</u>

181.    In or about and between March 2006 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES OUTERIE and RICHARD RANIERI, together with others, knowingly and intentionally conspired to use extortionate means to collect an extension of credit from John Doe #8, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 894(a)(1).

B.  <u>Extortionate Collection of Credit</u>

182.    In or about and between March 2006 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES OUTERIE and RICHARD RANIERI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #8, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

<u>RACKETEERING ACT FORTY-THREE</u>
(Extortionate Collection of Credit Conspiracy/
Extortionate Collection of Credit - John Doe #9)

183.    The defendants JAMES OUTERIE and RICHARD RANIERI committed the following acts, either one of which alone constitutes Racketeering Act Forty-Three:

A.   Extortionate Collection of Credit Conspiracy

184.    In or about and between April 2006 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES OUTERIE and RICHARD RANIERI, together with others, knowingly and intentionally conspired to use extortionate means to collect an extension of credit from John Doe #9, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 894(a)(1).

B.   Extortionate Collection of Credit

185.    In or about and between April 2006 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES OUTERIE and RICHARD RANIERI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #9, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

RACKETEERING ACT FORTY-FOUR
(Extortion Conspiracy/Extortion –
Liberty View Harbor Construction Site)

186.    The defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI committed the following acts, any one of which alone constitutes Racketeering Act Forty-Four:

76

A.   Extortion Conspiracy

187.    In or about and between April 2006 and June 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: cash and check payments and business assets relating to John Doe #4's work at the Liberty View Harbor construction site, from John Doe #4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

B.   Extortion

188.    In or about and between April 2006 and June 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: cash and check payments and

77

business assets relating to John Doe #4's work at the Liberty
View Harbor construction site, from John Doe #4, with the consent
of John Doe #4, which consent was induced through wrongful use of
actual and threatened force, violence and fear, in violation of
Title 18, United States Code, Sections 1951(a) and 2.

C. New York Penal Law Extortion

189.    In or about and between April 2006 and June
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI,
together with others, did knowingly and intentionally steal
property, to wit: cash and check payments and business assets
relating to John Doe #4's work at the Liberty View Harbor
construction site, from John Doe #4, by extortion, to wit: by
compelling and inducing John Doe #4 to deliver such property to
one or more of the defendants by instilling in him a fear that,
if the property was not delivered, the defendants and others
would (1) cause physical injury to John Doe #4 in the future, (2)
cause damage to John Doe #4's property, and (3) perform an act
which would not in itself materially benefit the defendants, but
which was calculated to harm John Doe #4 materially with respect
to his health, safety, business, calling, career, financial
condition, reputation and personal relationships, in violation of

New York Penal Law Sections 155.30(6), 155.05(2)(e)(i),
155.05(2)(e)(ii), 155.05(2)(e)(ix) and 20.00.

RACKETEERING ACT FORTY-FIVE
(Money Laundering Conspiracy/Money Laundering)

190.    The defendants NICHOLAS COROZZO, LEONARD
DIMARIA and VINCENT DRAGONETTI committed the following acts,
either one of which alone constitutes Racketeering Act Forty-
Five:

A.    Money Laundering Conspiracy

191.    In or about and between May 2006 and June
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI,
together with others, did knowingly and intentionally conspire to
conduct financial transactions, in and affecting interstate
commerce, which in fact involved the proceeds of specified
unlawful activity, to wit: monies taken by extortion, in
violation of Title 18, United States Code, Section 1951, knowing
that the property involved in the financial transactions, to wit:
proceeds of the extortion of John Doe #4 with respect to his
excavation company and his work at the Liberty View Harbor
construction site, represented the proceeds of some form of
unlawful activity, knowing that the financial transactions were
designed in whole and in part to conceal and disguise the nature,
location, source, ownership and control of the proceeds of the

79

specified unlawful activity, in violation of Title 18, United

States Code, Section 1956(a)(1)(B)(i), all in violation of Title

18, United States Code, Section 1956(h).

    B.   <u>Money Laundering</u>

      192.    In or about and between May 2006 and June

2007, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI,

together with others, did knowingly and intentionally conduct

financial transactions, in and affecting interstate commerce,

which in fact involved the proceeds of specified unlawful

activity, to wit: monies taken by extortion, in violation of

Title 18, United States Code, Section 1951, knowing that the

property involved in the financial transactions, to wit: proceeds

of the extortion of John Doe #4 with respect to his excavation

company and his work at the Liberty View Harbor construction

site, represented the proceeds of some form of unlawful activity,

knowing that the financial transactions were designed in whole

and in part to conceal and disguise the nature, location, source,

ownership and control of the proceeds of the specified unlawful

activity, in violation of Title 18, United States Code, Sections

1956(a)(1)(B)(i) and 2.

RACKETEERING ACT FORTY-SIX
(Extortionate Collection of Credit Conspiracy/
Extortionate Collection of Credit - John Doe #10)

193.    The defendant RICHARD RANIERI committed the following acts, either one of which alone constitutes Racketeering Act Forty-Six:

A.    Extortionate Collection of Credit Conspiracy

194.    In or about and between May 2006 and September 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICHARD RANIERI, together with others, knowingly and intentionally conspired to use extortionate means to collect an extension of credit from John Doe #10, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 894(a)(1).

B.    Extortionate Collection of Credit

195.    In or about and between May 2006 and September 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICHARD RANIERI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #10, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

81

RACKETEERING ACT FORTY-SEVEN
(Extortionate Collection of Credit - John Doe #11)

In or about and between June 2006 and September 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RICHARD RANIERI, together with others, knowingly and intentionally participated in the use of extortionate means to collect and attempt to collect an extension of credit from John Doe #11, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

RACKETEERING ACT FORTY-EIGHT
(Extortion Conspiracy/Attempted Extortion -
Staten Island Recycling Facility)

196.    The defendants NICHOLAS COROZZO and LEONARD DIMARIA committed the following acts, either one of which alone constitutes Racketeering Act Forty-Eight:

A.    Extortion Conspiracy

197.    In or about and between June 2006 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO and LEONARD DIMARIA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: money, from the principals of a Staten Island recycling facility, the identity of which is known

82

to the grand jury, with the consent of the principals, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

B.    Attempted Extortion

198.    In or about and between June 2006 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO and LEONARD DIMARIA, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others attempted to obtain property, to wit: money, from the principals of a Staten Island recycling facility, the identity of which is known to the grand jury, with the consent of the principals, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

C.    New York Penal Law Attempted Extortion

199.    In or about and between June 2006 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO and LEONARD DIMARIA, together with others, did knowingly and intentionally attempt to steal property, to wit:

83

money from the principals of a Staten Island recycling facility,

the identities of which are known to the grand jury, by

extortion, to wit: by compelling and inducing the principals of

the recycling facility to deliver such property to the defendants

by instilling in them a fear that, if the property was not

delivered, the defendants and others would (1) cause physical

injury to those individuals in the future, (2) cause damage to

those individuals's property, and (3) perform an act which would

not in itself materially benefit the defendants, but which was

calculated to harm those individuals materially with respect to

their health, safety, business, calling, career, financial

condition, reputation and personal relationships, in violation of

New York Penal Law Sections 155.30(6), 155.05(2)(e)(i),

155.05(2)(e)(ii), 155.05(2)(e)(ix), 110.00 and 20.00.

RACKETEERING ACT FORTY-NINE
(Extortion Conspiracy/Extortion
John Doe #4 and John Doe #12)

200.    The defendants NICHOLAS COROZZO, LEONARD

DIMARIA and VINCENT DRAGONETTI, committed the following acts, any

one of which alone constitutes Racketeering Act Forty-Nine:

A.    Extortion Conspiracy

201.    In or about and between July 2006 and January

2008, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI,

84

together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: money relating to John Doe #12, from John Doe #4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

B.   Extortion

202.    In or about and between July 2006 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: money relating to John Doe #12, from John Doe #4, with the consent of John Doe #4, which consent was induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

C.   New York Penal Law Extortion

203.    In or about and between July 2006 and January 2008, both dates being approximate and inclusive, within the

85

Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DiMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally steal property, to wit: money relating to John Doe #12, from John Doe #4, by extortion, to wit: by compelling and inducing John Doe #4 to deliver such property to one or more of the defendants by instilling in him a fear that, if the property was not delivered, the defendants and others would (1) cause physical injury to John Doe #4 in the future, (2) cause damage to John Doe #4's property, and (3) perform an act which would not in itself materially benefit the defendants, but which was calculated to harm John Doe #4 materially with respect to his health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law Sections 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix) and 20.00.

## RACKETEERING ACT FIFTY
### (Bribery of a Labor Official/Honest Services Mail Fraud/ Embezzlement of Union Assets – Laborers' Local 731)

204.    The defendant LEONARD DiMARIA committed the following acts, any one of which alone constitutes Racketeering Act Fifty:

A.    Bribery of a Labor Official.

205.    On or about and between July 5, 2006 and November 27, 2006, both dates being approximate and inclusive,

within the Eastern District of New York, the defendant LEONARD

DIMARIA, together with others, knowingly and intentionally

conferred and offered benefits to a labor official, that is

Michael King, who is not named as a defendant in this

Racketeering Act, with the intent to influence him in respect to

his acts, decisions and duties as a labor official, in violation

of New York Penal Law Section 180.15.

B.    Honest Services Mail Fraud

206.    On or about and between July 5, 2006 and

November 27, 2006, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendant LEONARD DIMARIA and Michael King, together with others,

did knowingly and intentionally devise a scheme and artifice to

defraud Local 731 and its members and to obtain property, to wit:

a LIUNA membership card issued to a person not entitled to

journeyworker membership in the union, by means of false and

fraudulent pretenses, relationships and promises and to deprive

them of the intangible right to the honest services of Michael

King, including the honest services King owed to Local 731 and

its members pursuant to Section 501(a) of the LMRDA, the LIUNA

Ethical Practices Code and the Uniform Local Union Constitution

of the LIUNA.

207.    It was part of the scheme and artifice to

defraud that Michael King agreed to accept and accepted a thing

of value from John Doe #4 with the intent to be influenced in his decisions regarding the admission of an individual to membership in Local 731 and the placement of the individual in a job.

208.    For the purpose of executing the scheme and artifice, the defendant LEONARD DIMARIA and Michael King and others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: written information pertaining to an individual proposed for membership in the LIUNA and a LIUNA membership card, in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

C.    Embezzlement of Union Assets

209.    On or about and between July 5, 2006 and November 27, 2006, both dates being approximate and inclusive, in the Eastern District of New York and elsewhere, the defendant LEONARD DIMARIA, together with others including Michael King, while King was a person employed by Local 731, did embezzle, steal and unlawfully and willfully abstract and convert to their own use the moneys, funds, securities, property, and other assets of Local 731, to wit: an application document pertaining to an individual proposed for membership in the LIUNA and a LIUNA membership card, in exchange for approximately $4,000, in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

<u>RACKETEERING ACT FIFTY-ONE</u>
(Illegal Gambling - Joker/Poker Machines)

210.    In or about and between November 2006 and
February 2007, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendant
VINCENT DRAGONETTI, together with others, knowingly and
intentionally conducted, financed, managed, supervised, directed
and owned all or part of an illegal gambling business, to wit: a
gambling business involving the use of joker/poker type gambling
machines, which operated in violation of the laws of the State of
New York, to wit: New York Penal Law Sections 225.30(a)(2) and
20.00, which involved five or more persons who conducted,
financed, managed, supervised, directed and owned all or part of
such business and which remained in substantially continuous
operation for a period in excess of 30 days and had a gross
revenue of at least $2,000 in any single day, in violation of
Title 18, United States Code, Sections 1955 and 2.

<u>RACKETEERING ACT FIFTY-TWO</u>
(Theft of Union Benefits/Mail Fraud)

211.    The defendant ANTHONY LICATA committed the
following acts, either one of which alone constitutes
Racketeering Act Fifty-Two:

A.    <u>Theft of Union Benefits</u>

212.    In or about and between January 2007 and
December 2007, both dates being approximate and inclusive, within

89

the Eastern District of New York and elsewhere, the defendant
ANTHONY LICATA, together with others, did embezzle, steal and
unlawfully and willfully abstract and convert to his own use,
moneys, funds, securities, premiums, credits, property and other
assets of the International Brotherhood of Teamsters Local 282
Health and Welfare Benefit Fund, an employee welfare benefit plan
subject to Title I of ERISA, and the International Brotherhood of
Teamsters Local 282 Pension Fund, an employee pension benefit
plan subject to Title I of ERISA, and of funds connected with
such employee benefit plans, in violation of Title 18, United
States Code, Sections 664 and 2.

B.    <u>Mail Fraud</u>

213.    In or about and between January 2007 and
December 2007, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendant
ANTHONY LICATA, together with others, did knowingly and
intentionally devise a scheme and artifice to defraud the Local
282 Funds and employees covered by labor contracts with Local 282
who were participants in the Local 282 Funds and to obtain money
and property, to which the Local 282 Funds and participants were
entitled, by means of false and fraudulent pretenses,
representations and promises, to wit: contributions to the Local
282 Funds and the contractual right to have such contributions
made on behalf of such employees.

90

214.·    It was part of the scheme and artifice that the defendant ANTHONY LICATA, together with others, would and did submit and cause to be submitted false information to the Local 282 Funds regarding hours worked by employees covered by labor contracts with Local 282, claiming that certain hours had been worked by such employees who had, in fact, worked more hours, thereby under reporting and under paying contributions to the Local 282 Funds which were owed to the funds and required to be made on behalf of the employees.

215.    For the purpose of executing the scheme and artifice, the defendant ANTHONY LICATA and others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: remittance reports and checks payable to the Local 282 Funds, in violation of Title 18, United States Code, Sections 1341 and 2.

<u>RACKETEERING ACT FIFTY-THREE</u>
(Theft of Union Benefits/Mail Fraud)

216.    The defendant JOSEPH SPINNATO committed the following acts, either one of which alone constitutes Racketeering Act Fifty-Three:

A.    <u>Theft of Union Benefits</u>

217.    In or about and between January 2007 and December 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

91

JOSEPH SPINNATO, together with others, did embezzle, steal and unlawfully and willfully abstract and convert to his own use, moneys, funds, securities, premiums, credits, property and other assets of the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund, an employee welfare benefit plan subject to Title I of ERISA, and the International Brotherhood of Teamsters Local 282 Pension Fund, an employee pension benefit plan subject to Title I of ERISA, and of funds connected with such employee benefit plans, in violation of Title 18, United States Code, Sections 664 and 2.

    B.   <u>Mail Fraud</u>

      218.    In or about and between January 2007 and December 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH SPINNATO, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Local 282 Funds and employees covered by labor contracts with Local 282 who were participants in the Local 282 Funds and to obtain money and property, to which the Local 282 Funds and participants were entitled, by means of false and fraudulent pretenses, representations and promises, to wit: contributions to the Local 282 Funds and the contractual right to have such contributions made on behalf of such employees.

219.    It was part of the scheme and artifice that the defendant JOSEPH SPINNATO, together with others, would and did submit and cause to be submitted false information to the Local 282 Funds regarding hours worked by employees covered by labor contracts with Local 282, claiming that certain hours had been worked by such employees who had, in fact, worked more hours, thereby under reporting and under paying contributions to the Local 282 Funds which were owed to the funds and required to be made on behalf of the employees.

220.    For the purpose of executing the scheme and artifice, the defendant JOSEPH SPINNATO and others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: remittance reports and checks payable to the Local 282 Funds, in violation of Title 18, United States Code, Sections 1341 and 2.

RACKETEERING ACT FIFTY-FOUR
(Extortion Conspiracy/Extortion –
Staten Island Cement Company Sale)

221.    The defendants DOMENICO CEFALU, JOSEPH COROZZO, NICHOLAS COROZZO, JOHN D'AMICO and LEONARD DIMARIA committed the following acts, any one of which alone constitutes Racketeering Act Fifty-Four:

A.    <u>Extortion Conspiracy</u>

222.    In or about and between March 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMENICO CEFALU, JOSEPH COROZZO, NICHOLAS COROZZO, JOHN D'AMICO and LEONARD DIMARIA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: money relating to the sale of John Doe #4's Staten Island cement company, from John Doe #4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

B.    <u>Extortion</u>

223.    In or about and between March 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMENICO CEFALU, JOSEPH COROZZO, NICHOLAS COROZZO, JOHN D'AMICO and LEONARD DIMARIA, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit:

94

money relating to the sale of John Doe #4's Staten Island cement company, from John Doe #4, with the consent of John Doe #4, which consent was induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

C.    New York Penal Law Extortion

224.    In or about and between March 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMENICO CEFALU, JOSEPH COROZZO, NICHOLAS COROZZO, JOHN D'AMICO and LEONARD DIMARIA, together with others, did knowingly and intentionally steal property, to wit: money relating to the sale of John Doe #4's Staten Island cement company, from John Doe #4, by extortion, to wit: by compelling and inducing John Doe #4 to deliver such property to one or more of the defendants by instilling in him a fear that, if the property was not delivered, the defendants and others would (1) cause physical injury to John Doe #4 in the future, (2) cause damage to John Doe #4's property, and (3) perform an act which would not in itself materially benefit the defendants, but which was calculated to harm John Doe #4 materially with respect to his health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law Sections

155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix) and 20.00.

RACKETEERING ACT FIFTY-FIVE
(Extortion Conspiracy/Extortion - Cement Powder Deliveries)

225.    The defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI committed the following acts, any one of which alone constitutes Racketeering Act Fifty-Five:

A.    Extortion Conspiracy

226.    In or about and between October 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: cash payments relating to John Doe #4's delivery of cement powder to the Liberty View Harbor construction site, from John Doe #4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

B.    Extortion

227.    In or about and between October 2007 and January 2008, both dates being approximate and inclusive, within

96

the Eastern District of New York and elsewhere, the defendants
NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI,
together with others, did knowingly and intentionally obstruct,
delay and affect commerce, and the movement of articles and
commodities in commerce, by extortion, in that the defendants and
others obtained property, to wit: cash payments relating to John
Doe #4's delivery of cement powder to the Liberty View Harbor
construction site, from John Doe #4, with the consent of John Doe
#4, which consent was induced through wrongful use of actual and
threatened force, violence and fear, in violation of Title 18,
United States Code, Sections 1951(a) and 2.

    C.    <u>New York Penal Law Extortion</u>

       228.    In or about and between October 2007 and
January 2008, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendants
NICHOLAS COROZZO, LEONARD DIMARIA and VINCENT DRAGONETTI,
together with others, did knowingly and intentionally steal
property, to wit: cash payments relating to John Doe #4's
delivery of cement powder to the Liberty View Harbor construction
site, from John Doe #4, by extortion, to wit: by compelling and
inducing John Doe #4 to deliver such property to one or more of
the defendants by instilling in him a fear that, if the property
was not delivered, the defendants and others would (1) cause
physical injury to John Doe #4 in the future, (2) cause damage to

John Doe #4's property, and (3) perform an act which would not in itself materially benefit the defendants, but which was calculated to harm John Doe #4 materially with respect to his health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law Sections 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix) and 20.00.

<u>RACKETEERING ACT FIFTY-SIX</u>
(Extortion Conspiracy/Attempted Extortion –
Staten Island Cement Company Sale)

229.    The defendants THOMAS CACCIOPOLI and JOSEPH SCOPO committed the following acts, any one of which alone constitutes Racketeering Act Fifty-Six:

A.    <u>Extortion Conspiracy</u>

230.    In or about January 2008, within the Eastern District of New York and elsewhere, the defendants THOMAS CACCIOPOLI and JOSEPH SCOPO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: money relating to the sale of John Doe #15's Staten Island cement company, from John Doe #15, an individual whose identity is known to the grand jury, with the consent of John Doe #15, which consent was to be induced through

98

wrongful use of actual and threatened force, violence and fear,
in violation of Title 18, United States Code, Sections 1951(a)
and 2.

B.    Attempted Extortion

231.    In or about January 2008, within the Eastern
District of New York and elsewhere, the defendants THOMAS
CACCIOPOLI and JOSEPH SCOPO, together with others, did knowingly
and intentionally attempt to obstruct, delay and affect commerce,
and the movement of articles and commodities in commerce, by
extortion, in that the defendants and others attempted to obtain
property, to wit: money relating to the sale of John Doe #15's
Staten Island cement company, from John Doe #15, with the consent
of John Doe #15, which consent was induced through wrongful use
of actual and threatened force, violence and fear, in violation
of Title 18, United States Code, Sections 1951(a) and 2.

C.    New York Penal Law Attempted Extortion

232.    In or about January 2008, within the Eastern
District of New York and elsewhere, the defendants THOMAS
CACCIOPOLI and JOSEPH SCOPO, together with others, did knowingly
and intentionally attempt to steal property, to wit:  money
relating to an the sale of John Doe #15's Staten Island cement
company, from John Doe #15, by extortion, to wit:  by compelling
and inducing John Doe #15 to deliver such property to the
defendants by instilling in him a fear that, if the property was

99

not delivered, the defendants and others would (1) cause physical injury to John Doe #15 in the future, (2) cause damage to John Doe #15's property, and (3) perform an act which would not in itself materially benefit the defendants, but which was calculated to harm John Doe #15 materially with respect to his health, safety, business, calling, career, financial condition, reputation and personal relationships, in violation of New York Penal Law Sections 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix), 110.00 and 20.00.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT TWO
(Extortion Conspiracy - Trucking)

233.    In or about and between December 1999 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS CACCIOPOLI, also known as "Tommy Sneakers," ROBERT EPIFANIA, also known as "Bobby the Jew," and JOSEPH SCOPO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: cash payments relating to John Doe #4's trucking concerns, from John Doe #4,

100

with the consent of John Doe #4, which consent was to be induced
through wrongful use of actual and threatened force, violence and
fear.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

### COUNT THREE
### (Extortion - Trucking)

234.    In or about and between December 1999 and
January 2008, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendants
THOMAS CACCIOPOLI, also known as "Tommy Sneakers," ROBERT
EPIFANIA, also known as "Bobby the Jew," and JOSEPH SCOPO,
together with others, did knowingly and intentionally obstruct,
delay and affect commerce, and the movement of articles and
commodities in commerce, by extortion, in that the defendants and
others obtained property, to wit: cash payments relating to John
Doe #4's trucking concerns, from John Doe #4, with the consent of
John Doe #4, which consent was induced through wrongful use of
actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

### COUNT FOUR
### (Theft of Union Benefits Conspiracy - Teamsters Local 282)

235.    On or about and between June 27, 2002 and
January 31, 2008, both dates being approximate and inclusive,

101

within the Eastern District of New York and elsewhere, the defendants SARAH DAURIA and JOSEPH SPINNATO, together with others, did knowingly and intentionally conspire to commit offenses against the United States, to wit: embezzling, stealing and unlawfully abstracting and converting to their own use, moneys, funds, securities, premiums, credits, property and other assets of the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund, an employee welfare benefit plan subject to Title I of ERISA, and the International Brotherhood of Teamsters Local 282 Pension Fund, an employee pension benefit plan subject to Title I of ERISA, the objects of said conspiracy being violations of Title 18, United States Code, Section 664.

236.    In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants SARAH DAURIA and JOSEPH SPINNATO, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

a.    On or about June 21, 2005, the defendant SARAH DAURIA spoke with John Doe #4 concerning falsifying trucking records in connection with an audit by the International Brotherhood of Teamsters Local 282.

b.    On or about June 29, 2005, the defendant SARAH DAURIA spoke with John Doe #4 concerning falsifying

trucking records in connection with an audit by the International
Brotherhood of Teamsters Local 282.

        c.    On or about July 18, 2005, the defendant
SARAH DAURIA spoke with the defendant JOSEPH SPINNATO and John
Doe #4 concerning falsifying trucking records in connection with
an audit by the International Brotherhood of Teamsters Local 282.

        d.    On or about July 19, 2005, the defendant
SARAH DAURIA spoke with John Doe #4 concerning falsifying
trucking records in connection with an audit by the International
Brotherhood of Teamsters Local 282.

        e.    On or about October 18, 2006, the defendant
SARAH DAURIA spoke with John Doe #4 concerning falsifying
trucking records in connection with an audit by the International
Brotherhood of Teamsters Local 282.

        f.    On or about October 30, 2006, the defendant
SARAH DAURIA spoke with John Doe #4 concerning falsifying
trucking records in connection with an audit by the International
Brotherhood of Teamsters Local 282.

        g.    On or about November 16, 2006, the defendant
SARAH DAURIA spoke with John Doe #4 concerning falsifying
trucking records in connection with an audit by the International
Brotherhood of Teamsters Local 282.

        (Title 18, United States Code, Sections 371 and 3551 et
seq.)

COUNT FIVE
(Theft of Union Benefits – Teamsters Local 282)

237.    On or about and between June 27, 2002 and
January 31, 2008, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants SARAH DAURIA and JOSEPH SPINNATO, together with
others, did knowingly and intentionally embezzle, steal and
unlawfully abstract and convert to their own use, moneys, funds,
securities, premiums, credits, property and other assets of the
International Brotherhood of Teamsters Local 282 Health and
Welfare Benefit Fund, an employee welfare benefit plan subject to
Title I of ERISA, and the International Brotherhood of Teamsters
Local 282 Pension Fund, an employee pension benefit plan subject
to Title I of ERISA.

(Title 18, United States Code, Sections 664, 2 and 3551
et seq.)

COUNT SIX
(Mail Fraud Conspiracy – Teamsters Local 282)

238.    On or about and between June 27, 2002 and
January 31, 2008, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendants JOSEPH SPINNATO and SARAH DAURIA, together with
others, did knowingly and intentionally conspire to devise a
scheme and artifice to defraud Local 282 Funds and the employees
covered by labor contracts with Local 282 who were participants

104

in the Local 282 Funds and to obtain money and property, to which the Local 282 Funds and participants were entitled, by means of false and fraudulent pretenses, representations and promises, to wit: contributions to the Local 282 Funds and the contractual right to have such contributions made on behalf of such employees.

239.    It was part of the scheme and artifice that the defendants JOSEPH SPINNATO and SARAH DAURIA, together with others, would and did submit and cause to be submitted false information regarding hours worked by employees covered by labor contracts with Local 282, claiming that certain hours had been · worked by such employees who had, in fact, worked more hours, thereby under reporting and under paying contributions to the Local 282 Funds which were owed to the funds and required to be made on behalf of the employees.

240.    For the purpose of executing the scheme and artifice, the defendants JOSEPH SPINNATO and SARAH DAURIA and others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: remittances to the Local 282 Funds, in violation of Title 18, United States Code, Sections 1341 and 2.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

105

<u>COUNT SEVEN</u>
(Mail Fraud - Teamsters Local 282)

241.    On or about and between June 27, 2002 and January 31, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH SPINNATO and SARAH DAURIA, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Local 282 Funds and the employees covered by labor contracts with Local 282 who were participants in the Local 282 Funds and to obtain money and property, to which the Local 282 Funds and participants were entitled, by means of false and fraudulent pretenses, representations and promises, to wit: contributions to the Local 282 Funds and the contractual right to have such contributions made on behalf of such employees.

242.    It was part of the scheme and artifice that the defendants JOSEPH SPINNATO and SARAH DAURIA, together with others, would and did submit and cause to be submitted false information regarding hours worked by employees covered by labor contracts with Local 282, claiming that certain hours had been worked by such employees who had, in fact, worked more hours, thereby under reporting and under paying contributions to the Local 282 Funds which were owed to the funds and required to be made on behalf of the employees.

243.    For the purpose of executing the scheme and artifice, the defendants JOSEPH SPINNATO and SARAH DAURIA and

106

others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: remittances to the Local 282 Funds.

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

### COUNT EIGHT
(False Statements – Teamsters Local 282)

244.    On or about and between June 27, 2002 and January 31, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH SPINNATO, together with others, in documents required by Title I of ERISA to be kept as part of the records of the Local 282 Funds, did make and cause to be made false statements and representations of fact, knowing them to be false, and did knowingly conceal, cover up and fail to disclose facts and cause to be concealed, covered up, and not disclosed, facts the disclosure of which was necessary to verify, explain, clarify and check for accuracy and completeness the Internal Revenue Forms 5500 filed by the Local 282 Funds, which forms are required by Title I of ERISA to be published and filed annually with the Secretary of Labor, by submitting, and causing to be submitted, remittance reports to the Local 282 Funds which falsely reported

the number of hours worked by employees covered by labor contracts with Local 282 and falsely reported the amounts of money due and owing the Local 282 Funds.

(Title 18, United States Code, Sections 1027, 2 and 3551 et seq.)

### COUNT NINE
(Extortionate Extension of Credit Conspiracy – John Doe #1)

245.    In or about and between January 2003 and October 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VINCENT DRAGONETTI, also known as "Vinny," "Skinny," "Mike," "Mikey" and "Marbles," and STEVEN IARIA, also known as "Stevie I," "John," "Simon," "Herman" and "Alan," together with others, knowingly and intentionally conspired to make extortionate extensions of credit.

(Title 18, United States Code, Sections 892(a) and 3551 et seq.)

### COUNT TEN
(Extortion Conspiracy – Staten Island Cement Company Profits)

246.    In or about and between December 2003 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS CACCIOPOLI, also known as "Tommy Sneakers," MARIO CASSARINO, also known as "Lanza," DOMENICO CEFALU, also known as "Italian Dom," "Dominic," "Dom from 18th Avenue" and "The

Greaseball," JOSEPH COROZZO, also known as "JoJo" and
"Miserable," NICHOLAS COROZZO, also known as "Nicky," "Little
Nicky," "The Doctor," "The Little Guy," "Seymour," "Grandpa" and
"Grandfather," JOHN D'AMICO, also known as "Jackie the Nose" and
"Jackie," LEONARD DIMARIA, also known as "Lenny," "L," "The
Conductor," "Nike," "Uncle" and "Fatso," ROBERT EPIFANIA, also
known as "Bobby the Jew," LOUIS FILIPPELLI, ERNEST GRILLO, also
known as "Ernie," "Eyes" and "Baldy," and VINCENT PACELLI, also
known as "Vinny Basile," together with others, did knowingly and
intentionally conspire to obstruct, delay and affect commerce,
and the movement of articles and commodities in commerce, by
extortion, in that the defendants and others agreed to obtain
property, to wit: cash and check payments relating to the
operation of John Doe #4's Staten Island cement company, from
John Doe #4, with the consent of John Doe #4, which consent was
to be induced through wrongful use of actual and threatened
force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

## COUNT ELEVEN
(Extortion - Staten Island Cement Company Profits)

247.    In or about and between December 2003 and
January 2008, both dates being approximate and inclusive, within
the Eastern District of New York and elsewhere, the defendants
THOMAS CACCIOPOLI, also known as "Tommy Sneakers," DOMENICO

CEFALU, also known as "Italian Dom," "Dominic," "Dom from 18th Avenue" and "The Greaseball," JOSEPH COROZZO, also known as "JoJo" and "Miserable," MARIO CASSARINO, also known as "Lanza," NICHOLAS COROZZO, also known as "Nicky," "Little Nicky," "The Doctor," "The Little Guy," "Seymour," "Grandpa" and "Grandfather," JOHN D'AMICO, also known as "Jackie the Nose" and "Jackie," LEONARD DIMARIA, also known as "Lenny," "L," "The Conductor," "Nike," "Uncle" and "Fatso," ROBERT EPIFANIA, also known as "Bobby the Jew," LOUIS FILIPPELLI, ERNEST GRILLO, also known as "Ernie," "Eyes" and "Baldy," and VINCENT PACELLI, also known as "Vinny Basile," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: cash and check payments relating to the operation of John Doe #4's Staten Island cement company, from John Doe #4, with the consent of John Doe #4, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT TWELVE
(Theft of Union Benefits Conspiracy – Teamsters Local 282)

248.    In or about and between November 2004 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

MARIO CASSARINO, also known as "Lanza," and SARAH DAURIA, together with others, did knowingly and intentionally conspire to commit offenses against the United States, to wit: embezzling, stealing and unlawfully abstracting and converting to their own use, moneys, funds, securities, premiums, credits, property and other assets of the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund, an employee welfare benefit plan subject to Title I of ERISA, and the International Brotherhood of Teamsters Local 282 Pension Fund, an employee pension benefit plan subject to Title I of ERISA, the objects of said conspiracy being violations of Title 18, United States Code, Section 664.

249.    In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants MARIO CASSARINO, also known as "Lanza," and SARAH DAURIA, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

a.    On or about December 8, 2004, the defendant MARIO CASSARINO spoke on the telephone with a trucker in his employ and instructed him not to sign into union jobs when possible.

b.    On or about December 9, 2004, the defendant MARIO CASSARINO spoke on the telephone with a trucker in his

employ concerning the submission of paperwork and hours in connection with work on a union job.

c.    On or about February 1, 2005, the defendant SARAH DAURIA spoke with the defendant MARIO CASSARINO and informed him of steps she was taking to falsify trucking records.

d.    On or about February 3, 2005, the defendant SARAH DAURIA represented a trucking company controlled by MARIO CASSARINO in an audit performed by the International Brotherhood of Teamsters Local 282.

e.    On or about February 3, 2005, the defendant SARAH DAURIA spoke to the defendant MARIO CASSARINO about the results of the audit.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq.</u>)

COUNT THIRTEEN
(Theft of Union Benefits - Teamsters Local 282)

250.    In or about and between November 2004 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARIO CASSARINO, also known as "Lanza," and SARAH DAURIA, together with others, did knowingly and intentionally embezzle, steal and unlawfully abstract and convert to their own use, moneys, funds, securities, premiums, credits, property and other assets of the International Brotherhood of Teamsters Local 282 Health and Welfare Benefit Fund, an employee welfare benefit plan

112

subject to Title I of ERISA, and the International Brotherhood of Teamsters Local 282 Pension Fund, an employee pension benefit plan subject to Title I of ERISA.

(Title 18, United States Code, Sections 664, 2 and 3551 et seq.)

COUNT FOURTEEN
(Mail Fraud Conspiracy – Teamsters Local 282)

251.    In or about and between November 2004 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARIO CASSARINO, also known as "Lanza," and SARAH DAURIA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Local 282 Funds and the employees covered by labor contracts with Local 282 who were participants in the Local 282 Funds and to obtain money and property, to which the Local 282 Funds and participants were entitled, by means of false and fraudulent pretenses, representations and promises, to wit: contributions to the Local 282 Funds and the contractual right to have such contributions made on behalf of such employees.

252.    It was part of the scheme and artifice that the defendants MARIO CASSARINO and SARAH DAURIA, together with others, would and did submit and cause to be submitted false information regarding hours worked by employees covered by labor contracts with Local 282, claiming that certain hours had been

113

worked by such employees who had, in fact, worked more hours, thereby under reporting and under paying contributions to the Local 282 Funds which were owed to the funds and required to be made on behalf of the employees.

253.    For the purpose of executing the scheme and artifice, the defendants MARIO CASSARINO and SARAH DAURIA and others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: remittances to the Local 282 Funds, in violation of Title 18, United States Code, Sections 1341 and 2.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNT FIFTEEN
(Mail Fraud - Teamsters Local 282)

254.    In or about and between November 2004 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARIO CASSARINO, also known as "Lanza," and SARAH DAURIA, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Local 282 Funds and the employees covered by labor contracts with Local 282 who were participants in the Local 282 Funds and to obtain money and property, to which the Local 282 Funds and participants were entitled, by means of false and fraudulent pretenses, representations and promises, to

114

wit: contributions to the Local 282 Funds and the contractual right to have such contributions made on behalf of such employees.

255.    It was part of the scheme and artifice that the defendants MARIO CASSARINO and SARAH DAURIA, together with others, would and did submit and cause to be submitted false information regarding hours worked by employees covered by labor contracts with Local 282, claiming that certain hours had been worked by such employees who had, in fact, worked more hours, thereby under reporting and under paying contributions to the Local 282 Funds which were owed to the funds and required to be made on behalf of the employees.

256.    For the purpose of executing the scheme and artifice, the defendants MARIO CASSARINO and SARAH DAURIA and others did place and cause to be placed in authorized depositories for mail matter to be delivered by the United States Postal Service items of mail matter, to wit: remittances to the Local 282 Funds.

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

<u>COUNT SIXTEEN</u>
(False Statements – Teamsters Local 282)

257.    In or about and between November 2004 and December 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

MARIO CASSARINO, also known as "Lanza," together with others, in documents required by Title I of ERISA to be kept as part of the records of the Local 282 Funds, did make and cause to be made false statements and representations of fact, knowing them to be false, and did knowingly conceal, cover up and fail to disclose facts and cause to be concealed, covered up, and not disclosed, facts the disclosure of which was necessary to verify, explain, clarify and check for accuracy and completeness the Internal Revenue Forms 5500 filed by the Local 282 Funds, which forms are required by Title I of ERISA to be published and filed annually with the Secretary of Labor, by submitting, and causing to be submitted, remittance reports to the Local 282 Funds which falsely reported the number of hours worked by employees covered by labor contracts with Local 282 and falsely reported the amounts of money due and owing the Local 282 Funds.

(Title 18, United States Code, Sections 1027, 2 and 3551 et seq.)

### COUNT SEVENTEEN
(Extortion Conspiracy - Schiavone Work)

258.    In or about and between February 2005 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS CALVO, ANTHONY DELVESCOVO, also known as "Anthony Delvecchio," and MICHAEL KING, together with others, did knowingly and intentionally conspire to obstruct, delay and

116

affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: cash and check payments relating to John Doe #4's work for Schiavone Construction Company, from John Doe #4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT EIGHTEEN
(Extortion - Schiavone Work)

259.    In or about and between February 2005 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS CALVO, ANTHONY DELVESCOVO, also known as "Anthony Delvecchio," and MICHAEL KING, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: cash and check payments relating to John Doe #4's work for Schiavone Construction Company, from John Doe #4, with the consent of John Doe #4, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

117

## COUNT NINETEEN
(Extortion Conspiracy - Mayrich Construction Site)

260.    On or about and between April 1, 2005 and June 28, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GINO CRACOLICI, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others agreed to obtain property, to wit: cash and check payments relating to John Doe #4's work at a Mayrich Construction site, from John Doe #4, with the consent of John Doe #4, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWENTY
(Extortion - Mayrich Construction Site)

261.    On or about and between April 1, 2005 and June 28, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GINO CRACOLICI, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: cash and check payments relating to John Doe #4's work at a Mayrich Construction site, from John Doe #4, with

118

the consent of John Doe #4, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT TWENTY-ONE
(Extortion - ADCO Electrical Corporation Debt)

262.    On or about April 29, 2005, within the Eastern District of New York and elsewhere, the defendant WILLIAM SCOTTO, also known as "Billy" and "Big Billy," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: a check payment relating to an alleged debt owed by John Doe #4 to ADCO Electrical Corporation, from John Doe #4, with the consent of John Doe #4, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT TWENTY-TWO
(Extortionate Collection of Credit
ADCO Electrical Corporation)

263.    On or about April 29, 2005, within the Eastern District of New York and elsewhere, the defendant WILLIAM SCOTTO, also known as "Billy" and "Big Billy," together with others,

119

knowingly and intentionally participated in the use of
extortionate means to collect and attempt to collect an extension
of credit from John Doe #4.

(Title 18, United States Code, Sections 894(a)(1), 2
and 3551 et seq.)

COUNT TWENTY-THREE
(Extortion Conspiracy - Pump Truck)

264.    In or about and between June 2005 and July
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
NICHOLAS COROZZO, also known as "Nicky," "Little Nicky," "The
Doctor," "The Little Guy," "Seymour," "Grandpa" and
"Grandfather," and LEONARD DIMARIA, also known as "Lenny," "L,"
"The Conductor," "Nike," "Uncle" and "Fatso," together with
others, did knowingly and intentionally conspire to obstruct,
delay and affect commerce, and the movement of articles and
commodities in commerce, by extortion, in that the defendants and
others agreed to obtain property, to wit: money relating to John
Doe #4's pump truck business, from John Doe #4, with the consent
of John Doe #4, which consent was to be induced through wrongful
use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

COUNT TWENTY-FOUR
(Attempted Extortion - Pump Truck)

265.    In or about and between June 2005 and July
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
NICHOLAS COROZZO, also known as "Nicky," "Little Nicky," "The
Doctor," "The Little Guy," "Seymour," "Grandpa" and
"Grandfather," and LEONARD DIMARIA, also known as "Lenny," "L,"
"The Conductor," "Nike," "Uncle" and "Fatso," did knowingly and
intentionally attempt to obstruct, delay and affect commerce, and
the movement of articles and commodities in commerce, by
extortion, in that the defendants and others attempted to obtain
property, to wit: money relating to John Doe #4's pump truck
business, from John Doe #4, with the consent of John Doe #4,
which consent was to be induced through wrongful use of actual
and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

COUNT TWENTY-FIVE
(Extortion - El Camino Trucking Debt)

266.    On or about June 8, 2005, within the Eastern
District of New York and elsewhere, the defendant WILLIAM SCOTTO,
also known as "Billy" and "Big Billy," together with others, did
knowingly and intentionally obstruct, delay and affect commerce,
and the movement of articles and commodities in commerce, by

121

extortion, in that the defendant and others obtained property, to

wit: money relating to an alleged debt owed by John Doe #4 to El

Camino Trucking Corporation, from John Doe #4, with the consent

of John Doe #4, which consent was induced through wrongful use of

actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and

3551 et seq.)

### COUNT TWENTY-SIX
(Extortionate Collection of Credit
El Camino Trucking)

267.    On or about June 8, 2005, within the Eastern

District of New York and elsewhere, the defendant WILLIAM SCOTTO,

also known as "Billy" and "Big Billy," together with others,

knowingly and intentionally participated in the use of

extortionate means to collect and attempt to collect an extension

of credit from John Doe #4.

(Title 18, United States Code, Sections 894(a)(1), 2

and 3551 et seq.)

### COUNT TWENTY-SEVEN
(Extortion Conspiracy - Construction List)

268.    In or about and between July 2005 and January

2008, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

NICHOLAS COROZZO, also known as "Nicky," "Little Nicky," "The

Doctor," "The Little Guy," "Seymour," "Grandpa" and

"Grandfather," LEONARD DIMARIA, also known as "Lenny," "L," "The

122

Conductor," "Nike," "Uncle" and "Fatso," ERNEST GRILLO, also known as "Ernie," "Eyes" and "Baldy," ANTHONY O'DONNELL, also known as "Tony O," and ANGELO RUGGIERO, JR., also known as "Ang," "Little Ang" and "Junior," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: money, from a number of individuals and companies in the construction industry, whose identities are known to the grand jury, with the consent of those individuals, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT TWENTY-EIGHT
(Attempted Extortion - Construction List)

269.    In or about and between July 2005 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS COROZZO, also known as "Nicky," "Little Nicky," "The Doctor," "The Little Guy," "Seymour," "Grandpa" and "Grandfather," LEONARD DIMARIA, also known as "Lenny," "L," "The Conductor," "Nike," "Uncle" and "Fatso," ERNEST GRILLO, also known as "Ernie," "Eyes" and "Baldy," ANTHONY O'DONNELL, also known as "Tony O," and ANGELO RUGGIERO, JR., also known as "Ang,"

123
